STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RHODE ISLAND AIRPORT CORPORATION, INC.

VS.

C. A. NO. PC 2007-3407

GENERAL STAR INDEMNITY COMPANY

**NOTICE OF FILING OF PETITION OF REMOVAL**

Please take notice that the Defendant, General Star Indemnity Company has on August 9, 2007, filed a Notice for Removal, a copy of which is attached hereto in the office of the Clerk of the United States District Court for the District of Rhode Island.

GENERAL STAR INDEMNITY COMPANY
By Its Attorneys,

Dennis E. Carley #3218
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

I hereby certify that a true copy of the foregoing has been hand-delivered on this 9th day of August 2007:

Samuel D. Zurier, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903-2818

# STATE OF RHODE ISLAND
## SUPERIOR COURT
## CIVIL CASE COVER SHEET

PC CASE # 2007-3407

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| Rhode Island Airport Corporation | General Star Indemnity Company |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| (X) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (X) YES ( ) NO IF YES: ( ) JURY (X) NON-JURY

ATTORNEY NAME & REGISTRATION# Samuel D. Zurier #3576
PRO SE/NAME: DATE: 7/5/07

(REV05-05)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RHODE ISLAND AIRPORT CORPORATION, INC.**

**VS.** **C. A. NO.**

**GENERAL STAR INDEMNITY COMPANY**

**(Providence County Superior Court C. A. No. PC 07-3407)**

**<u>NOTICE OF REMOVAL</u>**

Defendant General Star Indemnity Company (hereinafter "General Star"), in accordance with the provisions of 28 U.S.C. § 1446, hereby petitions this Court to remove this action from the Superior Court for the County of Providence, State of Rhode Island, to the United States District Court for the District of Rhode Island. As grounds for removal, General Star states as follows:

1. On or about July 6, 2007, Plaintiff filed a civil action against General Star in Rhode Island Superior Court, entitled Rhode Island Airport Corporation, Inc. v. General Star Indemnity Company, Civil Action No. 07-3407 (the "State Court Action"). Copies of all process, pleadings and orders served on General Star in the State Court Action are attached to this Petition as <u>Exhibit A</u>.

2. General Star was served with the Complaint on July 10, 2007. As required by 28 U.S.C. § 1446(b), this Petition is filed within thirty days after service of process. A copy of the Complaint and Summons is included in <u>Exhibit A</u>.

3. This action may be removed to this Court in accordance with 28 U.S.C. §§ 1332 and 1441, because the action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Plaintiff alleges that it is a public corporation organized under the laws of Rhode Island, with a principal place of business in the State of Rhode Island.

5. General Star is an Ohio corporation, not incorporated in the State of Rhode Island, or pursuant to the laws of the State of Rhode Island, which maintains its principal place of business in the State of Connecticut, County of Fairfield.

6. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served this day upon Plaintiff's counsel and will also be sent by messenger this day to the Rhode Island Superior Court for filing.

WHEREFORE, on the basis of the foregoing, General Star respectfully requests that this action be removed to the United States District Court for the District of Rhode Island.

**GENERAL STAR INDEMNITY COMPANY**
**By its Counsel,**

Dennis E. Carley (#3218)
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000 (P)
(401) 521-1328 (F)

**CERTIFICATION**

I hereby certify that a true copy of the foregoing has been hand-delivered on this 9th day of August, 2007 to:

Samuel D. Zurier, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903-2818

**CT** CORPORATION
A WoltersKluwer Company

RECEIVED
JUL 1 1 2007
GENERAL STAR MANAGEMENT CO.
HOME OFFICE CLAIMS

**Service of Process Transmittal**
07/10/2007
Log Number 512386679

RECEIV...
JUL 1 1 2007
LEGAL DEPT

**TO:** maria romanauskas, Legal Assistant
General Reinsurance Corporation
Financial Centre, 695 East Main Street
Building D, 6th Floor
Stamford, CT, 06904-2350

**RE:** **Process Served in Rhode Island**

**FOR:** General Star Indemnity Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rhode Island Airport Corporation, Inc., Pltf. vs. General Star Indemnity Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Civil Case Cover Sheet, Complaint, Exhibits "A-E" |
| **COURT/AGENCY:** | Superior Court Providence/Bristol, RI<br>Case # 2007-3407 |
| **NATURE OF ACTION:** | Insurance Litigation - Summons & Complaint - Declatory Judgment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/10/2007 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days - exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Samuel Zurier, Esq.<br>Tillinghast Licht LLP<br>10 Weybosset Street<br>Providence, RI, 02903-2818 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791339857356<br>Image SOP - Page(s): 40<br>Email Notification, Leslie J Davis ldavis@genre.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>10 Weybosset Street - 9th Floor<br>Providence, RI, 02903 |
| **TELEPHONE:** | 401-861-7400 |

RECEIVED
JUL 1 1 2007
GENERAL STAR MANAGEMENT CO.
HOME OFFICE CLAIMS

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

DJ000836

6 052169

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 2007-3407

Rhode Island Airport Corporation
**Plaintiff**

General Star Indemnity Company
**Defendant**

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Tillinghast Licht LLP Plaintiff's attorney, whose address is 10 Weybosset Street, 10th Floor, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]

CLERK

Dated:

(Seal of the Superior Court)

DATE 7/10/07
A TRUE COPY ATTEST
FRANK V CATAMERO
R.I. CONSTABLE # 6022

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RHODE ISLAND AIRPORT CORPORATION, INC.,

Plaintiff,

v.

C.A. No. PC 2007 -- 3407

GENERAL STAR INDEMNITY COMPANY,

Defendant.

## COMPLAINT

1. This is an insurance coverage dispute. Plaintiff, Rhode Island Airport Corporation ("RIAC"), by and through its undersigned counsel, brings this action for declaratory judgment, for the purpose of determining a question of actual controversy between the parties involving rights and liabilities under policies of insurance.

2. RIAC seeks a declaratory judgment that the Defendant, General Star Indemnity Company is required to indemnify and defend it in an underlying litigation pending in this Court as more fully set forth below.

**Parties, Jurisdiction, and Venue**

3. RIAC is a public corporation with the statutory authority to operate airports and to regulate aeronautical matters within the state of Rhode Island.

4. Defendant, General Star Indemnity Company ("General Star") is a Connecticut corporation, with its principal place of business in Stamford, Connecticut.

5. This Court has personal jurisdiction over Defendant General Star because it transacts business in Rhode Island and is the insurer of a skydiving business located in Lincoln, Rhode Island whose operations are at issue in this litigation.

6. This Court has subject matter jurisdiction over this dispute pursuant to the Declaratory Judgment Act, R.I.G.L. 9-30-1, which vests this Court with original jurisdiction to issue declaratory judgments in the circumstances present here.

7. For the reasons stated below, there exists an actual controversy between Plaintiff and the Defendant involving the parties' rights, status, and legal relations under policies of insurance, which controversy may be determined by a judgment of this Court.

8. Venue is proper in this Court pursuant to R.I.G.L. §9-4-4. RIAC's North Central Airport is located in Providence County and General Star's insured regularly transacts business in Providence County.

**The Underlying Litigation**

9. The underlying action, captioned Costa v. Daniel King, et al. Superior Court of Rhode Island, Providence County, No. 05-0140, arises out of injuries suffered by Suzanne Costa ("Costa") on or about September 29, 2002, during a skydive taken under the supervision of and facilitation by Blue Skies Skydiving, Inc. ("BSSI"). A true and correct copy of Costa's Complaint is attached hereto as Exhibit "A."

10. BSSI owned and operated a skydiving business and school called the Boston-Providence Skydiving Center, which was located in Lincoln, Rhode Island.

11. BSSI was insured by General Star under a policy of insurance in which RIAC was named as an additional insured.

12. In or about August of 2002, Costa entered into an agreement with BSSI for the provision of skydiving facilities and services.

13. On September 29, 2002, Costa engaged in skydiving at North Central Airport pursuant to her contract with BSSI. On that date, BSSI identified a boarding and landing site to

Costa and the other persons skydiving with her. After the boarding and landing sites were identified to her, Costa boarded an aircraft, and began her skydive.

14. During Costa's descent, and prior to her landing, the aircraft from which she jumped landed and taxied to the boarding site.

15. At the termination of her skydive, Costa alleges that she attempted to land in the designated landing area. Costa alleges that, upon landing in the landing zone, she and her parachute were drawn into the boarding zone and, thus, into the aircraft's rotating propeller, which caused her to become injured.

16. Costa alleges the existence of separate landing and boarding areas and alleges that the aircraft was in the designated boarding area as she approached the landing zone.

17. Costa's negligence claims against BSSI and RIAC are based, in part, upon the manner in which the landing and boarding sites were situated and sized pursuant to BSSI's designation, BSSI's instruction to Costa in the use thereof, and BSSI's signage, marking and guarding of the various locations. Costa has averred that the landing and boarding sites were designated by BSSI.

18. Against BSSI, Costa alleges that:

> The BSSI defendants owed a duty of care to Ms. Costa, which duty included, without limitation, a duty to design, manage and operate the BSSI facility in a manner so as to ensure that their customers, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities in the exercise of due care on the BSSI business premises.

Complaint at ¶30.

19. In other words, as alleged by Costa, BSSI was allegedly negligent for "failing to maintain a safe distance between the boarding site where airplanes would be parked while skydivers embarked on skydiving flights, and the designated skydiver landing area." Id. at ¶31.

20. Against RIAC, Costa alleges that:

> Defendant RIAC, as owner of the North Central Airport, owed a duty to Ms. Costa to, *inter alia*, design, manage and operate the North Central Airport facility in a manner so as to ensure that persons using the facility in the exercise of due care, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities. Said duty includes, but is not limited to, the duty to exercise due care and skill in the provision of property and services...in the entrustment of property and authority to its agents...and other third parties, and in the general operation and management of the North Central Airport.

Complaint at ¶38.

21. The facts asserted in Costa's Complaint bring the underlying case within the risk coverage of the policy issued by General Star to BSSI, as described in greater detail below.

**The Insurance Policy Covering BSSI Names RIAC As An Additional Insured**

22. General Star provided BSSI with a commercial general liability policy under policy number IMA5798961 which was effective between March 27, 2002, and March 27, 2003 (the "Policy"). The Policy contained a $1,000,000 limit of liability. A true and correct copy of the Policy is attached hereto as Exhibit "B."

23. RIAC is named as an additional insured under the Policy. Attached hereto as Exhibit "C" is a true and correct copy of the endorsement naming RIAC as an additional insured.

## COUNT I

### Declaratory Judgment:
### Coverage for BSSI and RIAC As An Additional Insured Under the Policy

24. RIAC incorporates the preceding paragraphs 1-23 as if set forth fully herein.

25. Section I of the Policy states, in relevant part,

> We will pay those sums that the insured becomes legally obligated to pay as damage because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.



103510.00661/21589035v.3

26. In addition, the Policy states that:

> This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> (2) The "bodily injury" or "property damage" occurs during the policy period.

27. Pursuant to its terms, the Policy applies to "bodily injury" or "property damage" arising out of "the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises."

28. Pursuant to an Insurance Binder, attached hereto as Exhibit "D," the Policy specifically applied to "premises liability," but stated that "no coverage [is] intended for any actual skydiving or related operations."

29. The Policy is a premises liability policy because the term "operations necessary or incidental to those premises" modifies the term "ownership maintenance or use *of* the premises," not the term "premises."

30. The premises insured by the Policy had a physical address of 6 Albion Road, Lincoln, Rhode Island, 02865. Upon information and belief, this is a location on the Airport's property and was intended by all parties to refer to BSSI's leasehold use and interest at the North Central Airport.

31. General Star is, therefore, obligated to defend and indemnify BSSI and RIAC if the underlying Costa litigation relates to or is based upon conduct which is "necessary or incidental" to the insured premises as that term is defined in the Policy.

32. On February 18, 2005, General Star sent a "Denial of Coverage" letter to BSSI, in which it denied coverage to BSSI on the basis that coverage for skydiving was specifically

excluded and on the basis that the loss did not occur in BSSI's office (the "Denial Letter"). The Denial Letter is attached hereto as Exhibit "E."

33. The Denial Letter, however, failed to recognize that Costa's allegations did, in fact, relate to the premises as defined in the Policy and operations necessary and incidental thereto.

34. The underlying Costa litigation has been proceeding in this Court. At all times, despite the fact that RIAC is named as an additional insured under the Policy, General Star has failed to indemnify and defend BSSI or RIAC.

WHEREFORE, Plaintiff prays for the following relief:

a. A judgment declaring the rights and liabilities of the parties with respect to the Policies of insurance described in this complaint and set out in the attached Exhibits.

b. A judgment declaring that the Defendant General Star in obligated to indemnify and defend RIAC in the underlying case brought by Costa.

c. An award to Plaintiff of its costs of suit in this action.

d. Any and all other and further relief that may be just in this action.

Respectfully Submitted,

RHODE ISLAND AIRPORT CORPORATION,

By:

Samuel D. Zurier (#3576)
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903-2818
*Counsel for Plaintiff Rhode Island Airport Corporation*

July 6, 2007



103510.00661/21589035v.3

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

SUZANNE MARIE COSTA, CARLOS COSTA, and MATTHEW COSTA, by and through Suzanne Marie Costa and Carlos Costa as Guardians

v.

C.A. No. 05-8140

DANIEL KING, BLUE SKIES SKYDIVING, INC. d/b/a Boston-Providence Skydiving Center, ROBERT J. SPENCER, RHODE ISLAND AIRPORT CORPORATION, INC., HAWTHORNE AVIATION - RHODE ISLAND, INC., PIEDMONT HAWTHORNE AVIATION, INC., KEVIN McCOLE and JOHN DOES

**COMPLAINT**

**Parties**

1. Plaintiff, Suzanne Marie Costa, is an individual residing at 24 Davis Farm Lane, Acushnet, Massachusetts.

2. Plaintiff Carlos Costa is an individual residing at 24 Davis Farm Lane, Acushnet, Massachusetts, and is the husband of Plaintiff Suzanne Marie Costa.

3. Matthew Costa is an individual residing at 24 Davis Farm Lane, Acushnet, Massachusetts, and is the son of Plaintiff Suzanne Marie Costa.

4. Upon information and belief, Defendant Daniel King an individual residing at 5 Scitico Street 3, Enfield, Connecticut.

5. Upon information and belief, Defendant Blue Skies Skydiving, Inc. d/b/a Boston-

Providence Skydiving Center, ("BSSI") was, or is, a Rhode Island corporation, with a principal place of business in Lincoln, Rhode Island. BSSI is or was engaged in the business of providing, for consideration, skydiving and skydiving instruction services.

6. Upon information and belief, Defendant Robert J. Spencer is an individual residing at 304 Front St., Apartment A, Lincoln, Rhode Island. Upon information and belief, Robert Spencer is or was the President and sole shareholder of BSSI.. At all times material to the matters described in this pleading, Spencer is or was engaged in the business of providing, for consideration, skydiving and skydiving instruction services.

7. Defendant John Does are individuals or other entities, to be identified during the course of this litigation, who shared in the ownership or control of BSSI at all times relevant to the wrongful conduct described in this complaint. Defendants BSSI, Robert J. Spencer, and the John Doe defendants described in this paragraph are hereinafter referred to, collectively, as "the BSSI defendants."

8. Defendant, Rhode Island Airport Corporation, Inc. ("RIAC"), is a public corporation, incorporated in the State of Rhode Island. At all times relevant hereto, RIAC owned an airport facility known as the North Central Airport, located in Lincoln R.I.

9. Defendant Piedmont Hawthorne Aviation, Inc. ("PHA") is a Delaware corporation registered to do business in the State of Rhode Island. PHA is the parent corporation of Defendant Hawthorne Aviation - Rhode Island, Inc. ("HARI").

10. Upon information and belief, HARI is a subsidiary of PHA. HARI is incorporated in the state of South Carolina, and maintains a principal place of business in North Kingstown, Rhode Island. At all times relevant hereto, HARI managed, operated, and maintained the North

Central Airport in Lincoln, R.I. pursuant to a contractual arrangement with Defendant RIAC.

11. Upon information and belief, Defendant Kevin McCole ("McCole") is an individual residing at 1465 Hooksett Rd., #B7, Hooksett, New Hampshire. McCole is or was, at all times material to the matter described in this complaint, the owner of the Cessna 208B aircraft (the "plane") involved in the incident described in this complaint.

**Jurisdiction**

12. This Court's jurisdiction in this court is based upon R.I.G.L. § 8-2-14. The amount in controversy is sufficient to establish the jurisdiction of this court.

13. Venue in this court is based upon the provisions of R.I.G.L. § 9-4-3.

**General Allegations**

14. At all times material to the matters described herein, the BSSI defendants owned and operated a skydiving business and school doing business as the Boston-Providence Skydiving Center, in Lincoln, R.I. (the "school").

15. In August, 2002, Suzanne Costa was a novice skydiver.

16. In August 2002, Ms. Costa, entered into an agreement with the BSSI defendants, for consideration, whereby the BSSI defendants would provide skydiving facilities and services to her.

17. On September 29, 2002, Ms. Costa engaged in skydiving pursuant to her agreement with the BSSI defendants.

18. On September 29, 2002, the boarding site and landing area immediately adjacent to the boarding site for skydiving were pre-determined by the BSSI defendants and identified to

Ms. Costa and the other skydivers.

19. After having had the boarding and landing areas identified to her by the BSSI defendants, Ms. Costa boarded the plane owned by Defendant McCole and operated by Defendant King.

20. When the plane ascended to the appropriate height, Ms. Costa exited the plane and began her skydive.

21. Prior to Ms. Costa's landing, Defendant King landed the plane and taxied to the boarding site adjacent to the landing area.

22. At the termination of her skydive, Ms. Costa landed in the landing area.

23. At all times material to the incident described in this complaint, the plane's engines were running and the propellers were engaged and rotating.

24. Upon landing in the landing area, Ms. Costa's parachute canopy, and Ms. Costa, were drawn into the plane's rotating propellers. As a direct and proximate result, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable for medical, hospital, and nursing care expenses.

**COUNT ONE**

**Negligence of Defendant King**

25. Plaintiffs hereby incorporate all preceding paragraphs of this complaint as if fully set forth herein.

26. Defendant King owed a duty of care to Ms. Costa, including without limitation a duty

to maintain a safe distance between the designated landing area and the plane, and to properly ensure that Ms. Costa had safely returned to the ground before landing the plane and returning to the boarding area.

27. King failed to exercise due care, *inter alia*, by failing to confirm that Ms. Costa had safely returned to the ground and by failing to maintain a safe distance between the plane and the landing area in which Ms. Costa had been directed by the BSSI defendants to land.

28. King failed to exercise due care, *inter allia*, by operating the plane at a boarding site immediately adjacent to a known landing area, with the plane's engines engaged and propellers rotating.

29. As a direct and proximate result of King's gross negligence and willful, wanton, and reckless conduct as set forth above, and other acts of negligence by King, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable to pay for medical, hospital, and nursing care expenses.

## COUNT TWO

### Negligence of the BSSI Defendants

30. The BSSI defendants owed a duty of care to Ms. Costa, which duty included, without limitation, a duty to design, manage, and operate the BSSI facility in a manner so as to ensure that their customers, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities in the exercise of due care on the BSSI business premises.

31. The BSSI defendants failed to exercise due care and violated their duty to Ms. Costa

by, *inter alia*, failing to maintain a safe distance between the boarding site where airplanes would be parked while skydivers embarked on skydiving flights, and the designated skydiver landing area.

32. The BSSI defendants failed to exercise due care and violated their duty to Ms. Costa by, *inter alia*, failing to properly train and supervise defendant King as to the due care required in the operation of a plane during and subsequent to the conduct of a skydive.

33. The BSSI defendants failed to exercise due care and violated their duty to Ms. Costa by, *inter alia*, failing to ensure that Ms. Costa had sufficient training to engage in skydiving prior to agreeing to provide skydiving facilities and services to her.

34. As a direct and proximate result of the BSSI defendants' gross negligence and willful, wanton, and reckless conduct as set forth above, and other acts of negligence by the BSSI defendants, and the negligence of each of them, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable to pay for medical, hospital, and nursing care expenses.

35. The BSSI defendants are, and each of them is, vicariously liable for the wrongful conduct the BSSI defendants' employees and agents, including Daniel King.

**COUNT THREE**

**Negligence of Kevin McCole**

36. Defendant Kevin McCole owed a duty of care to Ms. Costa to, *inter alia*, manage his assets, including the plane, in such a manner as to ensure that persons engaged in skydiving and related activities using the plane did not come into contact with the rotating blades of the plane's propellers. Kevin McCole failed to exercise due care, *inter alia*, in the selection and supervision of

his agents, employees, lessees and other third parties; and in entrusting his property and authority to his agents, employees, lessees and other third parties. As a direct and proximate result of Kevin McCole's gross negligence and willful, wanton, and reckless conduct as set forth above, and other acts of negligence by Kevin McCole, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable to pay for medical, hospital, and nursing care expenses.

37. Kevin McCole is wholly responsible for the actions of Defendant King under the provisions of R.I.G.L. § 1-4-3.

**COUNT FOUR**

**Negligence of RIAC**

38. Defendant RIAC, as owner of the North Central Airport, owed a duty to Ms. Costa to, *inter alia*, design, manage, and operate the North Central Airport facility in a manner so as to ensure that persons using the facility in the exercise of due care, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities. Said duty includes, but is not limited to, the duty to exercise due care and skill in the provision of property and services, in the selection and supervision of its agents, employees, lessees and other third parties in lawful possession of the facility; in the entrustment of property and authority to its agents, employees, lessees and other third parties; and in the general operation and management of the North Central Airport.

39. RIAC, directly and by and through the actions of other defendants for whose actions RIAC is vicariously liable, negligently failed to exercise due care in the operation and management

of the North Central Airport facility.

40. As a direct and proximate result of RIAC's gross negligence and willful, wanton, and reckless conduct as set forth above, and other negligent acts by RIAC, and as a result of the negligence of other defendants for whose negligence RIAC is vicariously liable, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable for medical, hospital, and nursing care expenses.

**COUNT FIVE**

**Negligence of HARI**

41. Defendant HARI, as manager and operator of the North Central Airport, owed a duty to Ms. Costa to exercise due care and skill to, *inter alia,* manage, and operate the North Central Airport facility in a manner so as to ensure that persons using the facility in the exercise of due care, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities. Said duty includes, but is not limited to, the duty to exercise due care and skill in the provision of property and services, in the selection and supervision of its agents, employees, lessees and other third parties in lawful possession of the facility; in the entrustment of property and authority to its agents, employees, lessees and other third parties; and in the general operation and management of the North Central Airport.

42. HARI, through the gross negligence and willful, wanton, and reckless conduct as set forth above, and by other negligent acts, directly and by and through the actions of others for whose actions HARI is vicariously liable, failed to exercise due care in the operation and management of

the North Central Airport facility, whereby as a direct and proximate result of HARI's negligence, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable for medical, hospital, and nursing care expenses.

**COUNT SIX**

**Negligence of PHA**

43. Defendant PHA, as the parent corporation of HARI, owed a duty to Ms. Costa to exercise due care and skill to, *inter alia*, manage, and operate the North Central Airport facility in a manner so as to ensure that persons using the facility in the exercise of due care, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities. Said duty includes, but is not limited to, the duty to exercise due care and skill in the provision of property and services, in the selection and supervision of its agents, employees, lessees and other third parties in lawful possession of the facility; in the entrustment of property and authority to its agents, employees, lessees and other third parties; and in the general operation and management of the North Central Airport.

44. PHA, through the gross negligence and willful, wanton, and reckless conduct as set forth above, and other negligent acts, directly and through the actions of others for whose actions PHA is vicariously liable, failed to exercise due care in the operation and management of the North Central Airport facility, whereby as a direct and proximate result of HARI's negligence, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable for medical, hospital, and nursing care expenses.

**COUNT SEVEN**

**Successor Liability**

45. Plaintiffs hereby incorporate all preceding paragraphs as if set forth fully herein.

46. BSSI was a Rhode Island corporation until October 22, 2001.

47. BSSI's Articles of Incorporation were revoked by the Secretary of State for the State of Rhode Island on October 22, 2001, pursuant to R.I. Gen. Laws § 7-1.1-87.

48. BSSI's assets and liabilities devolved, as a matter of law, to Robert Spencer and John Doe defendants who continued to operate the skydiving business under the corporate name.

49. Robert Spencer and John Doe defendants are liable for acts of the corporation resulting in injury to Ms. Costa.

**COUNT EIGHT**

**Loss of Consortium as to Plaintiff Carlos Costa**

50. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

51. Defendants owed duties of care to Carlos Costa.

52. Defendants breached their duties of care.

53. As a direct and proximate result of the wrongful conduct of Defendants Daniel King, BSSI, Robert Spencer, John Doe defendants, Kevin McCole, RIAC, HARI and PHA, Plaintiff Carlos Costa was caused to suffer loss of his spouse's consortium and support.

**COUNT NINE**

**Loss of Consortium as to Plaintiff Matthew Costa**

54. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

55. Defendants owed duties of care to Matthew Costa.

56. Defendants breached their duties of care.

57. As a direct and proximate result of the wrongful conduct of Defendants Daniel King BSSI, Robert Spencer, John Doe defendants, Kevin McCole, and Defendants RIAC, HARI and PHA, Plaintiff Matthew Costa was caused to suffer loss of his mother's consortium and support.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, plus interest and costs.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Plaintiffs,
Suzanne Marie Costa,
Carlos Costa, and
Matthew Costa
By their Attorneys,

Ratcliffe Burke Harten & Elias LLP

Stephen P. Harten, #4102
1600 Financial Plaza
Providence, RI 02903
Tel: (401)331-3400
Fax: (401)331-3440

Date: 01/10/05

DFC/pap/00309
326421 7/19/07

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RHODE ISLAND AIRPORT CORPORATION, INC.

VS.

C. A. NO. PC 2007-8407

GENERAL STAR INDEMNITY COMPANY

## ENTRY OF APPEARANCE

I, Dennis E. Carley, hereby enter my appearance on behalf of Defendant, General Star Indemnity Company.

Dennis E. Carley #3218
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was mailed, postage prepaid, to the following on the 20th day of July, 2007:

Samuel D. Zurier, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903-2818

Patricia A. Porto

DEC/pap 2012-9
326422 7/19/07

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RHODE ISLAND AIRPORT CORPORATION, INC.

VS.

C. A. NO. PC 2007-8407

GENERAL STAR INDEMNITY COMPANY

**STIPULATION**

The undersigned agree that Defendant, General Star Indemnity Company, has until August 17, 2007, within which to file an Answer to Plaintiff's Complaint.

Samuel D. Zurier #3576
Tillinghast Licht LLP
Attorneys fro Plaintiff
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-456-1200

Dennis E. Carley #3218
ROBERTS, CARROLL, FELDSTEIN & PEIRCE INC.
Attorneys for Defendant
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

Date: July 20, 2007