UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**RHODE ISLAND AIRPORT CORPORATION, INC.**

**VS.** **C. A. NO. 07-300 S**

**GENERAL STAR INDEMNITY COMPANY**

**ANSWER OF DEFENDANT, GENERAL STAR INDEMNITY COMPANY, TO PLAINTIFF'S COMPLAINT**

Now comes Defendant, General Star Indemnity Company ("General Star"), and hereby responds as follows to the Complaint of Rhode Island Airport Corporation, Inc. ("RIAC"):

1. The allegations in this paragraph constitute legal conclusions and statements of fact to which no answer is required. To the extent that General Star is required to respond, it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

2. The allegations in this paragraph constitute legal conclusions and statements of fact to which no answer is required. To the extent that General Star is required to respond, it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

3. It is acknowledged that RIAC is a public corporation with statutorily prescribed duties set forth pursuant to and within the Rhode Island General Laws.

**Parties, Jurisdiction and Venue**

4. Admitted.

5. The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extent that General Star is required to respond, the allegations are denied.

6. The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extent that General Star is required to respond, the allegations are denied.

7. The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extent that General Star is required to respond, the allegations are denied.

8. The allegations in this paragraph constitute legal conclusions to which no answer is required. To the extent that General Star is required to respond, the allegations are denied.

**The Underlying Litigation**

9. The allegations of this paragraph relate to entities other than General Star and pertain to a suit to which General Star is not party, ("the "Costa Action"). To the extent that General Star is required to respond to the allegations of this paragraph, General Star is without knowledge or information sufficient to form a belief as to the truth of these allegations and leaves plaintiff to its proof.

10. The defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and leaves the plaintiff to its proof thereof.

11. It is admitted that BSSI was insured by General Star, subject to policy terms and conditions under which it is asserted that no coverage exists for the incident at issue in this action. Rhode Island Airport Corp. / TF Green Airport was an additional insured under said policy.

12. The defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and leaves the plaintiff to its proof thereof.

13. The defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 regarding the claims and discovery in the

"Costa Action" and leaves the plaintiff to its proof thereof regarding the occurrences alleged therein (the "Costa Incident").

14. The defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and leaves the plaintiff to its proof thereof.

15. The defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and leaves the plaintiff to its proof thereof.

16. The defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and leaves the plaintiff to its proof thereof.

17. The defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and leaves the plaintiff to its proof thereof.

18. It is admitted that Plaintiff's Complaint appears to correctly set forth the language quoted in Paragraph 18. However, the defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and leaves the plaintiff to its proof thereof.

19. It is admitted that Plaintiff's Complaint appears to correctly set forth the language quoted in Paragraph 19. However, the defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and leaves the plaintiff to its proof thereof.

20. It is admitted that Plaintiff's Complaint appears to correctly set forth the language quoted in Paragraph 20. However, the defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and leaves the plaintiff to its proof thereof.

21. The allegations contained within this paragraph constitute a legal conclusion and, therefore, no response is required. To the extent that General Star is required to respond, General Star admits only that it has taken the position that it has no obligations to satisfy BSSI and/or RIAC's alleged obligations relative to the Costa Action/Incident. General Star expressly denies that BSSI, RIAC or any other individual or entity is entitled to recover damages in this action or entitled to recover any payment pursuant to the policy at issue, regardless of the identity of the party or parties who prevail in the Costa Action.

**The Insurance Policy Covering BSSI Names RIAC as an Additional Insured**

22. It is admitted that General Star provided a Commercial General Liability Coverage policy, (the "Policy"), subject to policy terms and conditions under which it is asserted that no coverage exists for the Costa Incident, under which policy an additional insured was RIAC/ T.F. Green Airport, as exemplified by the documentation appended to Plaintiff's Complaint. A true and accurate copy of the complete Policy will be produced by Defendant in the discovery process.

23. It is admitted that General Star provided a Commercial General Liability Coverage policy, subject to policy terms and conditions under which it is asserted that no coverage exists for the Costa Incident, under which policy an additional insured was RIAC/ T.F. Green Airport, as exemplified by the copy of the endorsement appended to Plaintiff's Complaint. A true and accurate copy of the complete Policy will be produced by Defendant in the discovery process.

**COUNT I**
**Declaratory Judgment:**
**Coverage for BSSI and RIAC as an Additional Insured Under the Policy**

24. General Star incorporates its answers to Paragraphs 1-23 as answer to this Paragraph 24, Count I.

25. It is admitted that a portion of the terms of the Policy have been correctly quoted in Paragraph 25. However, it is expressly denied that any coverage exists pursuant to the Policy for the Costa Action and/or Incident.

26. It is admitted that a portion of the terms of the policy have been correctly quoted in Paragraph 26. However, it is expressly denied that any coverage exists pursuant to said Policy for the Costa Action and/or Incident and expressly noted that said Policy contains an "Exclusion-Designated Professional Services", wherein the "Description of Professional Services" is set forth as "Airport/Skydiving and Related Services", proceeding to state, "This insurance does not apply to 'bodily injury' . . . due to the rendering of failure to render any professional service."

27. It is admitted that a portion of the terms of the policy have been correctly quoted in Paragraph 27. However, it is expressly denied that any coverage exists pursuant to said Policy for the Costa incident and/or civil action as the Policy further and more particular describes the "premises" and, furthermore, contains an clear exclusion for "bodily injury" due to "Airport/Skydiving and Related Services".

28. Admitted.

29. Denied.

30. It is admitted that the Policy, in part, describes the premises as set forth in this Paragraph. However, it is noted that the Policy more particularly defines the "premises", specifying "Office". It is expressly denied that any coverage exists pursuant to said Policy for the Costa incident and/or civil action.

31. Denied.

32. It is admitted that General Star issued the Denial Letter appended to Plaintiff's Complaint, which letter is dated February 18, 2005.

33. Denied.

34. It is admitted that General Star has taken the position that it has no obligations to satisfy any claims relative to the Costa Incident. It is denied that Costa's allegations did relate to the premises as defined in the Policy and/or operations necessary and incidental thereto and expressly denied that Costa's allegations trigger any obligation of General Star to indemnify and/or defend BSSI or RIAC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Events Do Not Constitute an Occurrence or an Accident)

To the extent Plaintiff has any viable claims against General Star in connection with any Insurance Policy issued by General Star to BSSI (which General Star denies), those claims may be barred if the events giving rise to the underlying action did not constitute "events," "occurrences" or "accidents," or did not give rise to "bodily injury" or "property damage," as those terms are defined in the policies.

### THIRD AFFIRMATIVE DEFENSE
### (Damage Not Caused By Named Insured)

To the extent Plaintiff has any viable claims against General Star in connection with any Insurance Policies issued by General Star to BSSI (which General Star denies), those claims may be barred if the liabilities in question arise out of the acts or omissions of any individual or organization other than those declared or described as an Insured or Named Insured in those

policies.

FOURTH AFFIRMATIVE DEFENSE
(Terms, Provisions, Exclusions, Conditions and Limitations of Alleged Insurance Contracts)

To the extent Plaintiff has any viable claims against General Star in connection with any Insurance Policies issued by General Star to BSSI (which General Star denies), those claims may be barred, in whole or in part, by terms, provisions, exclusions, conditions and limitations contained in the policies.

FIFTH AFFIRMATIVE DEFENSE

General Star has not yet had the opportunity to complete discovery concerning the allegations of the Complaint and the underlying claims described therein. General Star therefore reserves the right to assert all defenses pertinent to Plaintiff's claim that may be warranted as a result of information obtained during discovery.

WHEREFORE, General Star respectfully requests that: (a) Plaintiff's Complaint be dismissed with prejudice; (b) Judgment be entered in Defendant's favor in this action expressly declaring that General Star gas no obligation to indemnify and defendant RIAC in the Costa Action; (c) General Star be awarded its costs in this action; and (d) that this Honorable Court issue such other relief as is appropriate.

Respectfully submitted,
**GENERAL STAR INDEMNITY COMPANY**
**By its Counsel,**

/s/ Dennis E. Carley
Dennis E. Carley (#3218)
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street
Providence, Rhode Island 02903
(401) 521-7000 (P); (401) 521-1328 (F)
dcarley@rcfp.com

Date: August 24, 2007

**ECF CERTIFICATION**

I hereby certify that on this 24th day of August, 2007 a copy of the within document has been filed electronically through the CM/ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record:

Samuel D. Zurier, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903-2818
szurier@tllaw.com

/s/ Dennis E. Carley

DEC:JCP 2012-9
328584 8/16/07