UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND AIRPORT CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 07-300S |
| GENERAL STAR INDEMNITY COMPANY, | : | |
| Defendant. | : | |

**PLAINTIFF'S STATEMENT OF ELEMENTS THAT MUST BE PROVEN TO SUSTAIN ITS CLAIM**

This is a declaratory judgment action in which the Plaintiff, Rhode Island Airport Corporation ("RIAC") seeks insurance coverage from the Defendant, General Star Indemnity Company ("General Star") in an underlying litigation involving injuries to Suzanna Costa which occurred on RIAC's property. Pursuant to the Court's August 31, 2007 Notice, RIAC provides this Statement of Elements That Must Be Proven To Sustain Its Claims in advance of the October 3, 2007 Pre-trial conference.

## I. The Facts That Must Be Proven To Sustain RIAC's Claim

The following facts are not believed to be in dispute, and, because all of the relevant insurance documents have already been attached to RIAC's Declaratory Judgment Complaint, it is not anticipated that any significant additional discovery needs to occur. To the extent that additional facts need to be discovered about the underlying Costa litigation, discovery has been exchanged in that case and is available from RIAC's counsel.

1. The underlying action for which RIAC seeks coverage, captioned Costa v. Daniel King, et al. Superior Court of Rhode Island, Providence County, No. 05-0140, arises out of

injuries suffered on RIAC's property by Suzanne Costa ("Costa") on or about September 29, 2002, during a skydive taken under the supervision of and facilitation by Blue Skies Skydiving, Inc. ("BSSI").

2. BSSI was insured by General Star under a policy of insurance in which RIAC was named as an additional insured (the "Policy").

3. At the termination of her skydive, Costa attempted to land in a designated landing area. Costa alleges that, upon landing in the designated landing area, she and her parachute were drawn into an adjacent boarding area and into a waiting aircraft's rotating propeller, which caused her to become injured.

4. Costa alleges the existence of separate landing and boarding areas and alleges that the aircraft with which she came into contact was in the designated boarding area as she approached the landing zone.

5. As alleged by Costa in the underlying litigation, the allegations against BSSI sound in negligence for its failure "to maintain a safe distance between the boarding site where airplanes would be parked while skydivers embarked on skydiving flights, and the designated skydiver landing area."

6. The Policy applies to "bodily injury" or "property damage" arising out of "the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises."

7. The Policy specifically applied to "premises liability," but stated that "no coverage [is] intended for any actual skydiving or related operations."

8. RIAC is named as an additional insured under the Policy.

## II. Legal Elements That Must Be Proven To Sustain RIAC's Claim

1. The facts asserted in Costa's Complaint bring the underlying case potentially within the risk coverage of the policy issued by General Star to BSSI. See Peerless Ins. Co. v. Viegas, 667 A.2d 785, 787 (R.I. 1995) (if the facts asserted in the complaint are sufficient to bring the case "potentially within the risk coverage of the policy," the insurer will be duty bound to defend regardless of whether the allegations are "groundless, false, or fraudulent"); Progressive Cas. Ins. Co. v. Narragansett Auto Sales, 764 A.2d 722, 724 (R.I. 2001) (Rhode Island employs a "pleadings test" which requires the insurer to provide a defense if the pleadings recite facts bringing the injury complained of within the coverage of the policy, irrespective of the insured's ultimate liability to the plaintiff).

2. The claims against BSSI and RIAC in the underlying Costa litigation do not relate to "actual skydiving or related operations," such as from the failure of a parachute to open. Rather, the claims sound in premises liability in that they relate to the way in which BSSI maintained the premises; more specifically, BSSI's alleged negligence in maintaining the landing and boarding zones in excessively close proximity.

3. The Policy is a premises liability policy because the term "operations necessary or incidental to those premises" modifies the term "ownership maintenance or use *of* the premises," not the term "premises." See Travelers Indemnity Co. v. Children's Friend & Service, Inc., 2005 WL 3276224 (R.I. Super Dec. 1, 2005).

4. The premises insured by the Policy, 6 Albion Road, Lincoln, Rhode Island, 02865, was located on the Airport's property and was intended by all parties to refer to BSSI's leasehold use and interest at the North Central Airport.

5. General Star is obligated to defend and indemnify BSSI and RIAC if the allegations in the underlying Costa litigation relate to, or are based upon, conduct which is "necessary or incidental" to the insured premises as that term is defined in the Policy.

6. Costa's allegations did, in fact, relate to the premises as defined in the Policy and operations necessary and incidental thereto.

7. There are no exclusions in the policy that would provide General Star with a basis to exclude coverage for BSSI or RIAC in the underlying Costa litigation.

Respectfully Submitted,

TILLINGHAST LICHT LLP

Sept. 20, 2007

Samuel D. Zurier (#3576)
10 Weybosset Street
Providence, RI 02903-2818

BLANK ROME, LLP

/s/ David N. Zeehandelaar
By: David N. Zeehandelaar
*Admitted pro hac vice*
One Logan Square
Philadelphia, PA 19103-6998

*Counsel for Plaintiff Rhode Island Airport Corporation*

**CERTIFICATE OF SERVICE**

I, Lev Kalman, Esquire, hereby certify that on this 20th day of September 2007, a true and correct copy of the foregoing Plaintiff's Elements Of Proof Necessary To Sustain Claims was served by first class mail, postage prepaid, on the following individuals:

Dennis E. Carley, Esquire
Robert, Carroll, Feldstein & Peirce
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Lev Kalman
Lev Kalman