DEC/DEB/pap 2012-9
336918 11/21/07

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AIRPORT CORPORATION, INC.** | : | |
| **v.** | : | **C.A. No. 07-300 S** |
| **GENERAL STAR INDEMNITY COMPANY** | : | |

**DEFENDANT'S MOTION REGARDING DEPOSITIONS OF FACT WITNESSES**

Defendant, General Star Indemnity Company, moves for an Order of this Court allowing the parties to conduct depositions of fact witnesses pursuant to Rule 30 of the Rhode Island Superior Court Rules of Civil Procedure, and any other rules of that Court applicable to depositions, and allowing the parties to use such depositions for all purposes which would be allowed by Fed. R. Civ. P. Rule 32. Counsel for the Plaintiff has indicated that the Plaintiff will not oppose the motion, and a memorandum in support is attached hereto and incorporated herein by reference.

DEFENDANT,
GENERAL STAR INDEMNITY COMPANY
By Its Attorney,

/s/ Dennis E. Carley

Dennis E. Carley (#3218)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was filed electronically with the Court, and notices of electronic filing were sent to the following counsel of record on November 26, 2007:

Samuel D. Zurier, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903-2818
szurier@tllaw.com

and via First Class Mail to:

Lev Kalman, Esq.
Blank, Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

David N Zeehandelaar
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

/s/ Dennis E. Carley

DEC/DEB/pap 2012-9
336930 11/21/07

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AIRPORT CORPORATION, INC.** | : | |
| **v.** | : | **C.A. No. 07-300 S** |
| **GENERAL STAR INDEMNITY COMPANY** | : | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION REGARDING DEPOSITIONS OF FACT WITNESSES**

This declaratory judgment action is an insurance coverage dispute arising from an accident at the North Central State Airport in Smithfield, Rhode Island. On September 29, 2002, Suzanne Marie Costa suffered serious bodily injuries when her parachute became entangled in the rotating propeller of an aircraft which was parked at the airport. Ms. Costa and her family have also brought a separate action in the Rhode Island Superior Court, sounding in negligence, which arises from the September 29, 2002 accident. That action is styled *Suzanne Marie Costa, et al. v. Daniel King, et al.*, C.A. 05-0140, and is still pending before the Rhode Island Superior Court. Plaintiff Rhode Island Airport Corporation, Inc. ("RIAC") has been named as a defendant in the negligence action.

RIAC brought the present action to obtain a declaration that General Star Indemnification Company ("GSIC") must indemnify and defend RIAC in the negligence action.[1] The precise manner in which the accident occurred will likely be at issue in both cases. Therefore, there are numerous eyewitnesses to the incident whose depositions are necessary for each case, and much of the testimony will be applicable to both cases.

---

[1] The present action was originally brought in the Rhode Island Superior Court as well. However, GSIC exercised its right to remove the action to this Court.

In order to conserve the time and financial resources of the parties and the witnesses, the parties are attempting to conduct joint depositions of certain witnesses for use in both of the cases. However, there are differences—albeit slight ones—in the rules applicable to depositions in this Court as compared to the Superior Court Rules of Civil Procedure. Moreover, there are several other parties involved in the Costa Action including Blue-Skies Skydiving, Inc., and its sole shareholder/President, based on their provision of skydiving services; Kevin McCole as owner of the aircraft; Hawthorne Aviation – Rhode Island, Inc. arising from its status as manager and operator of the airport; and Piedmont Hawthorne Aviation, Inc. as parent company of HARI. Therefore, utilizing the Rhode Island Superior Court Rules will avoid the need for separate depositions because all persons involved should be able to use the depositions.

Therefore, Defendant seeks an Order allowing RIAC and GSIC to conduct the depositions in this case according to the Rhode Island Superior Court Rules of Civil Procedure applicable to depositions, while retaining the ability to use those depositions in this action—at trial and for other purposes—as set forth in Fed. R. Civ. P. Rule 32. To the extent that RIAC seeks to conduct a deposition relevant to both cases, it may simply serve subpoenas as provided by the Superior Court rules and provide notice to GSIC. To the extent that GSIC seeks to conduct a deposition relevant to both cases, it can serve subpoenas under this Court's authority, but provide notice to the witness and the parties in both cases that such depositions will be conducted according to the Superior Court rules. In this fashion, duplicative depositions will be avoided.

A proposed amendment to Federal Rule of Civil Procedure 32, which will go into effect on December 1, 2007 absent congressional action to the contrary, provides support for

the Defendants' attempt to use the depositions for both actions. Proposed Rule 32(a)(8) provides that

> A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Therefore, it is likely that this Court will have explicit authorization to use the state-court depositions in this action. Moreover, this Court's inherent powers also provide a sufficient basis to grant Defendant's motion. Finally, counsel for Plaintiff RIAC has indicated that the Plaintiff does not oppose this motion.

For these reasons, Defendant respectfully requests that its motion be granted.

DEFENDANT,
GENERAL STAR INDEMNITY COMPANY
By Its Attorney,

/s/ Dennis E. Carley

Dennis E. Carley (#3218)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was filed electronically with the Court, and notices of electronic filing were sent to the following counsel of record on November 26, 2007:

Samuel D. Zurier, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903-2818
szurier@tllaw.com

and via First Class Mail to:

Lev Kalman, Esq.
Blank, Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

David N Zeehandelaar
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

/s/ Dennis E. Carley