STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

SUZANNE MARIE COSTA, CARLOS COSTA, and MATTHEW COSTA, by and through Suzanne Marie Costa and Carlos Costa as Guardians

v.

C.A. No. 05-0140

DANIEL KING, BLUE SKIES SKYDIVING, INC. d/b/a Boston-Providence Skydiving Center, ROBERT J. SPENCER, RHODE ISLAND AIRPORT CORPORATION, INC., HAWTHORNE AVIATION - RHODE ISLAND, INC., PIEDMONT HAWTHORNE AVIATION, INC., KEVIN McCOLE and JOHN DOES

## COMPLAINT

### Parties

1. Plaintiff, Suzanne Marie Costa, is an individual residing at 24 Davis Farm Lane, Acushnet, Massachusetts.

2. Plaintiff Carlos Costa is an individual residing at 24 Davis Farm Lane, Acushnet, Massachusetts, and is the husband of Plaintiff Suzanne Marie Costa.

3. Matthew Costa is an individual residing at 24 Davis Farm Lane, Acushnet, Massachusetts, and is the son of Plaintiff Suzanne Marie Costa.

4. Upon information and belief, Defendant Daniel King an individual residing at 5 Scitico Street 3, Enfield, Connecticut.

5. Upon information and belief, Defendant Blue Skies Skydiving, Inc. d/b/a Boston-

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Providence Skydiving Center, ("BSSI") was, or is, a Rhode Island corporation, with a principal place of business in Lincoln, Rhode Island. BSSI is or was engaged in the business of providing, for consideration, skydiving and skydiving instruction services.

6. Upon information and belief, Defendant Robert J. Spencer is an individual residing at 304 Front St., Apartment A, Lincoln, Rhode Island. Upon information and belief, Robert Spencer is or was the President and sole shareholder of BSSI.. At all times material to the matters described in this pleading, Spencer is or was engaged in the business of providing, for consideration, skydiving and skydiving instruction services.

7. Defendant John Does are individuals or other entities, to be identified during the course of this litigation, who shared in the ownership or control of BSSI at all times relevant to the wrongful conduct described in this complaint. Defendants BSSI, Robert J. Spencer, and the John Doe defendants described in this paragraph are hereinafter referred to, collectively, as "the BSSI defendants."

8. Defendant, Rhode Island Airport Corporation, Inc. ("RIAC"), is a public corporation, incorporated in the State of Rhode Island. At all times relevant hereto, RIAC owned an airport facility known as the North Central Airport, located in Lincoln R.I.

9. Defendant Piedmont Hawthorne Aviation, Inc. ("PHA") is a Delaware corporation registered to do business in the State of Rhode Island. PHA is the parent corporation of Defendant Hawthorne Aviation - Rhode Island, Inc. ("HARI").

10. Upon information and belief, HARI is a subsidiary of PHA. HARI is incorporated in the state of South Carolina, and maintains a principal place of business in North Kingstown, Rhode Island. At all times relevant hereto, HARI managed, operated, and maintained the North



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Central Airport in Lincoln, R.I. pursuant to a contractual arrangement with Defendant RIAC.

11. Upon information and belief, Defendant Kevin McCole ("McCole") is an individual residing at 1465 Hooksett Rd., #B7, Hooksett, New Hampshire. McCole is or was, at all times material to the matter described in this complaint, the owner of the Cessna 208B aircraft (the "plane") involved in the incident described in this complaint.

**Jurisdiction**

12. This Court's jurisdiction in this court is based upon R.I.G.L. § 8-2-14. The amount in controversy is sufficient to establish the jurisdiction of this court.

13. Venue in this court is based upon the provisions of R.I.G.L. § 9-4-3.

**General Allegations**

14. At all times material to the matters described herein, the BSSI defendants owned and operated a skydiving business and school doing business as the Boston-Providence Skydiving Center, in Lincoln, R.I. (the "school").

15. In August, 2002, Suzanne Costa was a novice skydiver.

16. In August 2002, Ms. Costa, entered into an agreement with the BSSI defendants, for consideration, whereby the BSSI defendants would provide skydiving facilities and services to her.

17. On September 29, 2002, Ms. Costa engaged in skydiving pursuant to her agreement with the BSSI defendants.

18. On September 29, 2002, the boarding site and landing area immediately adjacent to the boarding site for skydiving were pre-determined by the BSSI defendants and identified to

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Ms. Costa and the other skydivers.

19. After having had the boarding and landing areas identified to her by the BSSI defendants, Ms. Costa boarded the plane owned by Defendant McCole and operated by Defendant King.

20. When the plane ascended to the appropriate height, Ms. Costa exited the plane and began her skydive.

21. Prior to Ms. Costa's landing, Defendant King landed the plane and taxied to the boarding site adjacent to the landing area.

22. At the termination of her skydive, Ms. Costa landed in the landing area.

23. At all times material to the incident described in this complaint, the plane's engines were running and the propellers were engaged and rotating.

24. Upon landing in the landing area, Ms. Costa's parachute canopy, and Ms. Costa, were drawn into the plane's rotating propellers. As a direct and proximate result, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable for medical, hospital, and nursing care expenses.

**COUNT ONE**

**Negligence of Defendant King**

25. Plaintiffs hereby incorporate all preceding paragraphs of this complaint as if fully set forth herein.

26. Defendant King owed a duty of care to Ms. Costa, including without limitation a duty



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

to maintain a safe distance between the designated landing area and the plane, and to properly ensure that Ms. Costa had safely returned to the ground before landing the plane and returning to the boarding area.

27. King failed to exercise due care, *inter alia*, by failing to confirm that Ms. Costa had safely returned to the ground and by failing to maintain a safe distance between the plane and the landing area in which Ms. Costa had been directed by the BSSI defendants to land.

28. King failed to exercise due care, *inter allia*, by operating the plane at a boarding site immediately adjacent to a known landing area, with the plane's engines engaged and propellers rotating.

29. As a direct and proximate result of King's gross negligence and willful, wanton, and reckless conduct as set forth above, and other acts of negligence by King, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable to pay for medical, hospital, and nursing care expenses.

**COUNT TWO**

**Negligence of the BSSI Defendants**

30. The BSSI defendants owed a duty of care to Ms. Costa, which duty included, without limitation, a duty to design, manage, and operate the BSSI facility in a manner so as to ensure that their customers, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities in the exercise of due care on the BSSI business premises.

31. The BSSI defendants failed to exercise due care and violated their duty to Ms. Costa



rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

by, *inter alia*, failing to maintain a safe distance between the boarding site where airplanes would be parked while skydivers embarked on skydiving flights, and the designated skydiver landing area.

32. The BSSI defendants failed to exercise due care and violated their duty to Ms. Costa by, *inter alia*, failing to properly train and supervise defendant King as to the due care required in the operation of a plane during and subsequent to the conduct of a skydive.

33. The BSSI defendants failed to exercise due care and violated their duty to Ms. Costa by, *inter alia*, failing to ensure that Ms. Costa had sufficient training to engage in skydiving prior to agreeing to provide skydiving facilities and services to her.

34. As a direct and proximate result of the BSSI defendants' gross negligence and willful, wanton, and reckless conduct as set forth above, and other acts of negligence by the BSSI defendants, and the negligence of each of them, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable to pay for medical, hospital, and nursing care expenses.

35. The BSSI defendants are, and each of them is, vicariously liable for the wrongful conduct the BSSI defendants' employees and agents, including Daniel King.

**COUNT THREE**

**Negligence of Kevin McCole**

36. Defendant Kevin McCole owed a duty of care to Ms. Costa to, *inter alia*, manage his assets, including the plane, in such a manner as to ensure that persons engaged in skydiving and related activities using the plane did not come into contact with the rotating blades of the plane's propellers. Kevin McCole failed to exercise due care, *inter alia*, in the selection and supervision of



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

his agents, employees, lessees and other third parties; and in entrusting his property and authority to his agents, employees, lessees and other third parties. As a direct and proximate result of Kevin McCole's gross negligence and willful, wanton, and reckless conduct as set forth above, and other acts of negligence by Kevin McCole, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable to pay for medical, hospital, and nursing care expenses.

37. Kevin McCole is wholly responsible for the actions of Defendant King under the provisions of R.I.G.L. § 1-4-3.

**COUNT FOUR**

**Negligence of RIAC**

38. Defendant RIAC, as owner of the North Central Airport, owed a duty to Ms. Costa to, *inter alia,* design, manage, and operate the North Central Airport facility in a manner so as to ensure that persons using the facility in the exercise of due care, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities. Said duty includes, but is not limited to, the duty to exercise due care and skill in the provision of property and services, in the selection and supervision of its agents, employees, lessees and other third parties in lawful possession of the facility; in the entrustment of property and authority to its agents, employees, lessees and other third parties; and in the general operation and management of the North Central Airport.

39. RIAC, directly and by and through the actions of other defendants for whose actions RIAC is vicariously liable, negligently failed to exercise due care in the operation and management



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Rhode Island

of the North Central Airport facility.

40. As a direct and proximate result of RIAC's gross negligence and willful, wanton, and reckless conduct as set forth above, and other negligent acts by RIAC, and as a result of the negligence of other defendants for whose negligence RIAC is vicariously liable, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable for medical, hospital, and nursing care expenses.

**COUNT FIVE**

**Negligence of HARI**

41. Defendant HARI, as manager and operator of the North Central Airport, owed a duty to Ms. Costa to exercise due care and skill to, *inter alia,* manage, and operate the North Central Airport facility in a manner so as to ensure that persons using the facility in the exercise of due care, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities. Said duty includes, but is not limited to, the duty to exercise due care and skill in the provision of property and services, in the selection and supervision of its agents, employees, lessees and other third parties in lawful possession of the facility; in the entrustment of property and authority to its agents, employees, lessees and other third parties; and in the general operation and management of the North Central Airport.

42. HARI, through the gross negligence and willful, wanton, and reckless conduct as set forth above, and by other negligent acts, directly and by and through the actions of others for whose actions HARI is vicariously liable, failed to exercise due care in the operation and management of



True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

the North Central Airport facility, whereby as a direct and proximate result of HARI's negligence, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable for medical, hospital, and nursing care expenses.

**COUNT SIX**

**Negligence of PHA**

43. Defendant PHA, as the parent corporation of HARI, owed a duty to Ms. Costa to exercise due care and skill to, *inter alia*, manage, and operate the North Central Airport facility in a manner so as to ensure that persons using the facility in the exercise of due care, including Ms. Costa, did not come into contact with the rotating blades of airplane propellers while engaged in skydiving or other activities. Said duty includes, but is not limited to, the duty to exercise due care and skill in the provision of property and services, in the selection and supervision of its agents, employees, lessees and other third parties in lawful possession of the facility; in the entrustment of property and authority to its agents, employees, lessees and other third parties; and in the general operation and management of the North Central Airport.

44. PHA, through the gross negligence and willful, wanton, and reckless conduct as set forth above, and other negligent acts, directly and through the actions of others for whose actions PHA is vicariously liable, failed to exercise due care in the operation and management of the North Central Airport facility, whereby as a direct and proximate result of HARI's negligence, Ms. Costa was severely and permanently injured, suffered great pain of body, nerves and nervous system, was caused to suffer extreme conscious pain and suffering, was rendered physically disabled, and became liable for medical, hospital, and nursing care expenses.



rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT SEVEN**

**Successor Liability**

45. Plaintiffs hereby incorporate all preceding paragraphs as if set forth fully herein.

46. BSSI was a Rhode Island corporation until October 22, 2001.

47. BSSI's Articles of Incorporation were revoked by the Secretary of State for the State of Rhode Island on October 22, 2001, pursuant to R.I. Gen. Laws § 7-1.1-87.

48. BSSI's assets and liabilities devolved, as a matter of law, to Robert Spencer and John Doe defendants who continued to operate the skydiving business under the corporate name.

49. Robert Spencer and John Doe defendants are liable for acts of the corporation resulting in injury to Ms. Costa.

**COUNT EIGHT**

**Loss of Consortium as to Plaintiff Carlos Costa**

50. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

51. Defendants owed duties of care to Carlos Costa.

52. Defendants breached their duties of care.

53. As a direct and proximate result of the wrongful conduct of Defendants Daniel King, BSSI, Robert Spencer, John Doe defendants, Kevin McCole, RIAC, HARI and PHA, Plaintiff Carlos Costa was caused to suffer loss of his spouse's consortium and support.

**COUNT NINE**

**Loss of Consortium as to Plaintiff Matthew Costa**

54. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

55. Defendants owed duties of care to Matthew Costa.



rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

56. Defendants breached their duties of care.

57. As a direct and proximate result of the wrongful conduct of Defendants Daniel King BSSI, Robert Spencer, John Doe defendants, Kevin McCole, and Defendants RIAC, HARI and PHA, Plaintiff Matthew Costa was caused to suffer loss of his mother's consortium and support.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, plus interest and costs.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Plaintiffs,
Suzanne Marie Costa,
Carlos Costa, and
Matthew Costa
By their Attorneys,

Ratcliffe Burke Harten & Elias LLP

Stephen P. Harten, #4102
1600 Financial Plaza
Providence, RI 02903
Tel: (401)331-3400
Fax: (401)331-3440

Date: 01/10/05



rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island