DEC:DEB
357794 / 8/13/08
2012-9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AIRPORT CORPORATION, INC.** | : | |
| **v.** | : | **C.A. No. 07-300 S** |
| **GENERAL STAR INDEMNITY COMPANY** | : | |

**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, General Star Indemnity Company, hereby objects to Plaintiff's Motion for Summary Judgment. In support of its objection, it relies upon the enclosed Memorandum in Opposition to Defendant's Motion for Summary Judgment, and the Stipulation of Undisputed Facts filed on July 11, 2008. Additionally, it relies upon the arguments made in the Memorandum in Support of Defendant's Motion for Summary Judgment (filed August 5, 2008).

WHEREFORE, Defendant, General Star Indemnity Company, requests that the motion for summary judgment of Plaintiff, Rhode Island Airport Corporation, be denied and that the Court grant the relief requested in General Star Indemnity Company's Motion for Summary Judgment.

DEFENDANT,
GENERAL STAR INDEMNITY COMPANY
By Its Attorneys,

/s/ Dennis E. Carley
Dennis E. Carley (#3218)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328
decarley@rcfp.com

/s/ Daniel E. Burgoyne
Daniel E. Burgoyne (#7541)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328
dburgoyne@rcfp.com

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was filed electronically with the Court, and notices of electronic filing were sent to the following counsel of record on **August 28, 2008**.

Lori Caron Silveira, Esq.
Adler Pollock & Sheehan
One Citizens Plaza, 8th Fl.
Providence, RI 02903-1345
lsilveira@apslaw.com

David N. Zeehandelaar
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
zeehandelaar@blankrome.com

and via First Class Mail to:

Lev Kalman, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

/s/ Daniel E. Burgoyne

DEC:DEB
357793 / 8/13/08
2012-9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AIRPORT CORPORATION, INC.** | : | |
| **v.** | : | **C.A. No. 07-300 S** |
| **GENERAL STAR INDEMNITY COMPANY** | : | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, General Star Indemnity Company ("GSIC"), hereby submits this memorandum in opposition to the motion of Plaintiff Rhode Island Airport Corporation, Inc.'s ("RIAC"), for summary judgment. For the reasons stated herein, RIAC's motion should be denied and GSIC's motion for summary judgment ought to be granted. GSIC also relies upon the arguments made in its Memorandum in Support of Defendant's Motion for Summary Judgment (filed August 5, 2008).

RIAC's position fails because (1) it seeks insurance coverage for a skydiving accident under a policy which excludes "airport/skydiving and related services," and (2) because it seeks to recover under a premises liability policy for an accident that did not occur on the insured premises.

## I. RIAC ASKS THIS COURT TO DISREGARD THE UNDISPUTED FACTS REGARDING THE CAUSE OF SUZANNE COSTA'S INJURY.

RIAC's argument in favor of coverage improperly focuses on the allegations of negligence asserted against it by Ms. Costa—i.e., that RIAC negligently failed to design, manage, and operate the airport in a way that would have prevented the skydiving accident. However, the relevant question is not how RIAC is alleged to be negligent.

The question is how the bodily injury occurred, since the relevant policy language excludes *bodily injury due to the rendering of or failure to render airport/skydiving related* services. *See* Policy 7, Ex. D to Stip. of Undisputed Facts (July 11, 2008) ("Stip.").

RIAC's argument essentially asks the Court to ignore the undisputed facts underlying the accident,[1] in which Ms. Costa overshoots the landing zone while *skydiving*, resulting in her *parachute* becoming entangled in the moving *propeller* of an *airplane* which was parked at the *airport*, which was operated by the *skydiving* business with which she contracted, and out of which she had *skydived* only minutes prior. It is simply common sense that Ms. Costa's accident involves bodily injury due to the rendering of or failure to render airport/skydiving and related services.

The *American Commerce Ins. Co. v. Porto*, 811 A.2d 1185 (R.I. 2002) case, discussed in Defendant's Memorandum at 12–13, clearly sets forth the invalidity of RIAC's argument. In that case, the insured was sued for allegedly negligently supervising a sexual molester, and the insurer denied coverage because of an exclusion for bodily injuries "arising out of" sexual molestation. The Court found that even though the insured was not accused of sexual molestation, but only of negligent supervision, the underlying bodily injury was causally connected to sexual molestation. Accordingly, the policy exclusion applied. Likewise, even if RIAC's actions, in designing, maintaining, and operating the airport, are alleged to be causally related to Ms. Costa's bodily injuries, it is undisputed that airport/skydiving and related services were also a (more proximate) cause. Therefore, the "airport/skydiving" exclusion applies.

[1] It appears undisputed that the facts in the record are not materially different from the facts asserted in the Costa Complaint, ¶¶14–24. Accordingly, the Court's analysis should be the same on both the defense and indemnity questions.

## II. RIAC ASKS THIS COURT TO DISREGARD THE UNAMBIGUOUS POLICY EXCLUSION FOR BODILY INJURIES DUE TO "AIRPORT/SKYDIVING AND RELATED SERVICES."

Rhode Island law requires courts to view the policy as a whole, to give unambiguous policy terms their "plain, ordinary, and usual" meaning, and to enforce "the objective manifestation of the parties' expectations." *See Porto*, 811 A.2d at 1192, 1195 (citing *Amica Mutual Ins. Co.*, 583 A.2d at 552); *Amica Mut. Ins. Co. v. Streicker*, 583 A.2d 550, 552 (R.I. 1990). RIAC suggests that the "airport/skydiving and related services" exclusion is ambiguous and, therefore, the ambiguity should be resolved in favor of the insured. However, the Court should decline RIAC's invitation to engage in "mental or verbal gymnastics to hurdle over the plain meaning of the policy's language." *See Porto*, 811 A.2d at 1193; *see also Amica Mut. Ins. Co. v. Streicker*, 583 A.2d 550, 552 (R.I. 1990) (stating that "[a] court should not, through an effort to seek out ambiguity when there is none, make either party assume a liability not imposed by the policy"). A term is ambiguous only when it is "subject to more than one reasonable interpretation." *Porto*, 811 A.2d at 1192. On these facts, the only reasonable interpretation is that RIAC is not entitled to coverage.

In order to properly interpret the Policy, the Court must first look to the correct Policy language, which RIAC inaccurately refers to as airport/skydiving "activities." (Mem. Law Supp. Pl.'s Mot. Summ. J. 17, 19.) The relevant language excludes coverage for "bodily injury . . . due to the rendering of or failure to render *professional services*," which are defined as "*airport/skydiving and related services*," not simply airport/skydiving activities. (Policy 7.) (Emphasis added.)

No policyholder who had *actually read* the Policy would *reasonably* expect to be covered for Ms. Costa's claims. RIAC speculates that Robert Spencer, President of Blue Skies Skydiving, Inc. ("BSSI"), probably expected the Policy to cover RIAC and BSSI for claims such as Ms. Costa's claims. Indeed, perhaps David Cloutier and RIAC's other agents also believed that the Policy provided coverage for such claims. There is no evidence in the record with respect to their expectations. In fact, there is no evidence to suggest that any of RIAC's agents even read the Policy prior to the accident.[2] However, these facts would be irrelevant in any event. The relevant issue is not whether these persons actually believed that there was coverage. The relevant issue is whether such a belief would be *reasonable* in light of the clear policy exclusion for "airport/skydiving and related services."[3] The answer is no—such a belief would not be reasonable.

It is worth noting that the "airport/skydiving" exclusion was not simply boilerplate language buried in the Policy. Rather, it was a separately negotiated item which was unique to this Policy and was typewritten into the Policy forms in at least two places. (Policy 7, 14.) Courts often attribute more weight to individualized terms over inconsistent boilerplate language, because it is assumed that the separately added terms were actively considered by the contracting parties. *See Sentry Ins. Co. v. Grenga*, 556 A.2d 998, 1000 (R.I. 1989) (distinguishing between the declarations page, which was "a typed document prepared for each individual insured," and a printed pamphlet given to all insureds); *see also* Restatement 2d *Contracts* § 203(d) ("separately negotiated or added terms are given greater weight than standardized terms or other terms not

[2] It is undisputed that RIAC played no part in the procuring of the Policy, which was the responsibility of BSSI to obtain. (Stip. ¶ 44.)
[3] For this reason, GSIC agrees with RIAC that interpretation of the Policy is a question of law which, on these undisputed facts, is ripe for summary judgment.

separately negotiated"). Of course, in the absence of an ambiguity, the entire Policy must be interpreted as a whole and all terms must be given effect. However, where the "airport/skydiving" exclusion was a specifically negotiated term, it is even clearer that a reasonable policyholder should have been aware of it.

Ms. Costa's bodily injuries occurred because, while skydiving, she overshot the landing zone and was tackled. The tackle stopped her forward momentum and caused her parachute to collapse into a moving airplane propeller. The only reasonable interpretation of the Policy is that these are bodily injuries due to the rendering of "airport/skydiving and related services." Therefore, neither RIAC nor BSSI is entitled to coverage for Ms. Costa's claims.

## III. EVEN IF THE COMMERCIAL GENERAL LIABILITY POLICY COULD BE LABELLED A "PREMISES" LIABIILITY POLICY, THE COSTA ACCIDENT DID NOT OCCUR ON THE INSURED PREMISES.

With respect to whether Ms. Costa's accident occurred on the insured premises, GSIC asserts that the insured "premises" are limited only to the office trailer. GSIC generally relies on the arguments asserted in its Memorandum in Support of Defendant's Motion for Summary Judgment, at pages 15–18, which contains the appropriate analysis of the Policy provisions. Based on that analysis, it is clear that RIAC's coverage does not apply to operations "necessary or incidental" to the trailer. It is undisputed that the Costa accident did not occur in or on that trailer, so there is no coverage.

The Rhode Island Supreme Court has repeatedly stated that "whether coverage exists in any given case for a particular damage-causing event depends first and foremost upon the precise terms and conditions of the policy in question." *Textron, Inc. v. Liberty*

*Mutual Ins. Co.*, 639 A.2d 1358 (R.I. 1994) (citing *Mullins v. Federal Dairy Co.*, 568 A.2d 759, 762 (R.I. 1990)).

> [W]e emphasize that our inquiry into the nature of any provision must necessarily be guided by the operation and substance of a particular provision rather than any label that may coincidentally or haphazardly be attached to a policy.

*Id.* at 1364. RIAC would have this Court ignore the terms of the "Additional Insured" document (Policy 5), which sets forth the terms of its coverage without the "necessary or incidental" language. *See* RIAC Memorandum 13 ("there is no evidence that BSSI intended to procure a different type of coverage for RIAC than it procured for itself"). The evidence of BSSI's intent is in the Policy language itself—that is the agreement to which BSSI assented. No matter how many times RIAC repeats that the Policy is a "premises liability" policy, the actual terms of the Policy limit the RIAC's coverage only to the "ownership, maintenance, or use" of the trailer, and exclude operations "necessary or incidental" to the trailer.

## IV. THE POLICY COVERAGE IS NOT ILLUSORY SIMPLY BECAUSE IT DOES NOT APPLY TO MS. COSTA'S CLAIMS AGAINST RIAC.

RIAC's argument with respect to illusory coverage should be rejected. A policy exclusion for "airport/skydiving and related services" can be properly construed to exclude the inherently risky activities arising from airplanes and skydiving, while including the more "routine" accidents for which GSIC agreed to provide coverage. The Costa Accident simply falls into the former category, as opposed to the latter. *See Employers Mut. Cas. Co. v. Pires*, 723 A.2d 295, 299 (R.I. 1999) (declining to find that a policy exclusion for faulty workmanship rendered coverage illusory where faulty workmanship "constituted only a subset of the universe of potential property damage that

the insured subcontractor's negligent conduct could cause in connection with a construction project”).

RIAC exaggerates when suggests that because it is an airport, any claims against it are “airport related” and, therefore, excluded from coverage. Again, RIAC fails to properly reference the *actual* policy language, which excludes coverage for *bodily injury. . . due to the rendering of or failure to render airport/skydiving and related services.* (Policy 7.) There are many events which occur at an airport which are not necessarily unique to airport or skydiving services. For example, if Ms. Costa had slipped and fallen while in the bathroom of the trailer, or if a repairman had fallen while fixing the roof of the trailer, then coverage would likely be provided subject to any other applicable policy provisions. These are the types of accidents which GSIC contracted with BSSI to cover.

However, the Court should reject RIAC’s attempt to impose coverage upon GSIC for an accident caused by Ms. Costa *skydiving* and overshooting the landing zone, resulting in her *parachute* becoming entangled in the moving *propeller* of an *airplane* which was parked at the *airport*, because it would force GSIC to “assume a liability not imposed by the policy.” *See Streicker*, 583 A.2d at 552.

## V. RIAC ASKS THIS COURT TO CONSIDER INADMISSIBLE EVIDENCE, IN CONTRAVENTION OF FED. R. CIV. P. 56(e) (1), IN SUPPORT OF ITS POSITION.

In order to add weight to its untenable argument, RIAC has casually included in its motion papers the transcript of a hearing, before The Honorable Patricia A. Hurst of the Rhode Island Superior Court, from the underlying Costa Action. Before that court was the issue of whether RIAC, BSSI, and the other defendants in that action were

entitled to summary judgment on the basis of a waiver of liability which Ms. Costa signed prior to engaging in skydiving activities.

Whether a judge of another court believes that Ms. Costa's claims constitute "parachuting" activities, within the meaning of the waiver's language, and for purposes of a summary judgment hearing where the absence of a genuine issue of fact must be shown, is not relevant, admissible evidence in this proceeding. The quoted statements are based entirely upon hearsay and not upon personal knowledge, as Judge Hurst did not witness the events. There is no preclusive effect of the ruling, as General Star was not a party to the Superior Court proceeding, no final judgment has resulted, and it was focused on an entirely different legal issue (albeit involving the same core of facts). Most importantly, and with all due respect to Judge Hurst, both RIAC and General Star agree that the motion was wrongly decided. In fact, RIAC's counsel argued vehemently that the accident was, in fact, related to "parachuting." (Hr'g Tr. 5:1–7:8, Ex. B to RIAC's Motion for Summary Judgment.) Accordingly, this Court should lend no weight to the conclusions or statements contained in that transcript.

## CONCLUSION

WHEREFORE, Defendant, General Star Indemnity Company, requests that the motion for summary judgment of Plaintiff, Rhode Island Airport Corporation, be denied and that the Court grant the relief requested in General Star Indemnity Company's motion for summary judgment.

DEFENDANT,
GENERAL STAR INDEMNITY COMPANY
By Its Attorneys,

/s/ Dennis E. Carley

Dennis E. Carley (#3218)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328
decarley@rcfp.com

/s/ Daniel E. Burgoyne

Daniel E. Burgoyne (#7541)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328
dburgoyne@rcfp.com

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was filed electronically with the Court, and notices of electronic filing were sent to the following counsel of record on **August 28, 2008**.

Lori Caron Silveira, Esq.
Adler Pollock & Sheehan
One Citizens Plaza, 8th Fl.
Providence, RI 02903-1345
lsilveira@apslaw.com

David N. Zeehandelaar
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
zeehandelaar@blankrome.com

and via First Class Mail to:

Lev Kalman, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

/s/ Daniel E. Burgoyne