**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AIRPORT CORPORATION, INC.** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-300-S** |
| | : | |
| **GENERAL STAR INDEMNITY COMPANY** | : | |

**REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The Defendant General Star Indemnity Company's ("Genstar") Objection to the Rhode Island Airport Corporation's ("RIAC") Motion for Summary Judgment misapprehends RIAC's arguments for summary judgment and should be rejected. Although Genstar argues that a policy exclusion precludes recovery in this matter, and that the subject accident did not occur on the insured premises, these arguments fail because new facts of record demonstrate that the insured understood and expected coverage to exist for Ms. Costa's accident and that the "insured premises" includes the area where this accident occurred. In addition, the Policy exclusion is ambiguous and illusory. As RIAC has previously argued, the Policy is a premises liability policy and Ms. Costa's accident occurred on premises that were intended to be insured under the Policy. No exclusion applies to deny coverage to RIAC, and this Court should order Genstar to defend and indemnify RIAC.

**A. New Facts Of Record Demonstrate That The Insured Premises Includes The Location Of The Accident.**

RIAC has previously argued that the document naming RIAC as an additional insured is ambiguous, and that the proper coverage to be provided to RIAC is for "the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental

to those premises." RIAC also contends that the premises included in the Policy was intended to refer to Blue Skies Skidiving, Inc.'s ("BSSI") use of the Airport, including the area where Ms. Costa's accident occurred. This argument finds support in facts of record received by RIAC following the filing of its Motion for Summary Judgment.

On or about August 27, 2008, RIAC received BBSI's Answers to Interrogatories and Answers to Requests for Admissions which were verified by Robert Spencer, the principal of BSSI. BSSI is a defendant in the underlying *Costa* litigation and the skydiving school of whom Ms. Costa was a customer. BSSI's Responses to Interrogatories are attached hereto as Exhibit "1," and BSSI's Responses to Requests for Admissions are attached hereto as Exhibit "2."

Interrogatory No. 26 stated "please describe Blue Skies' relationship with each of the named co-defendants, as it existed on September 29, 2002. If there was a contract or other document memorializing the terms of this relationship, please identify this document with particularity." In relevant part, Blue Skies responded as follows: "Blue Skies paid Hawthorne Aviation-Rhode Island rent for the right to use the landing area. Blue Skies paid New England Aviation rent to sub-let a tie-down area and space on which to place a trailer/office."

It is not disputed that Ms. Costa's accident occurred as her parachute became entangled in the rotating propeller of an aircraft located in the "landing area" identified by BSSI in its Response to Interrogatory No. 26. Indeed, BSSI has confirmed that it "paid...rent for the right to use the landing area." It is clear, therefore, that the "premises," as that term was understood by the insured BSSI, included the location of the subject accident, and not merely the trailer used by BSSI as an office.

BSSI rented multiple locations at the Airport. RIAC contends that the "premises" as defined in the Policy, *and* operations necessary and incidental to the premises, includes the

location of Ms. Costa's accident. At the very least, however, the definition of the "premises" is ambiguous and should be interpreted in favor of finding coverage and should be interpreted in a manner that conforms to the insured's reasonable expectation of coverage. Based on the fact that BSSI rented a tie-down area and the landing area where this accident occurred, it is reasonable to conclude that the premises includes the location of this accident, and that BSSI expected that coverage would exist for *all* of the premises it used at the Airport. The coverage in the Policy, therefore, includes the premises where Ms. Costa's accident occurred.

**B. <u>New Facts Of Record Demonstrate That BSSI Believed It Was Insured By BSSI For Ms. Costa's Accident.</u>**

Genstar has argued that RIAC has failed to demonstrate that BSSI had any belief regarding its expectations of coverage for Ms. Costa's accident. But BSSI's Responses to Requests for Admissions show that BSSI did, in fact, expect for both it and RIAC to be covered by Genstar for Ms. Costa's accident.

The Plaintiff's Request for Admissions No. 4 addressed to BSSI asked BSSI to admit that "Blue Skies is afforded coverage for the defense and indemnity of the claims alleged by the plaintiffs [Costa] in this litigation." BSSI's Response stated, in relevant part, that "[BSSI] believes that it has insurance, but the insurance carrier contends otherwise." Clearly, BSSI expected that the coverage it procured from Genstar would provide coverage to it for the claims asserted by Ms. Costa in the underlying litigation.

It is equally clear that BSSI expected that RIAC would be afforded the same coverage as BSSI - i.e., that RIAC would have coverage for Ms. Costa's injuries. Request for Admission No. 3 asked BSSI to admit that "[RIAC] required that [BSSI] have insurance coverage, which listed [RIAC] and Hawthorne Aviation as additional insureds." This Request was admitted by BSSI without further comment. It is evident that BSSI expected that RIAC would be an additional

insured on the Genstar Policy which, *at the same time*, BSSI believed afforded coverage for Ms. Costa's injuries.

The test to be applied when interpreting a policy "is not what the insurer intended by his [or her] words, but what the ordinary reader and purchaser would have understood them to mean." *Campbell v. Norfolk & Dedham Mutual Fire Ins. Co.*, 682 A.2d 933, 935 (R.I. 1996) (citing *Pressman v. Aetna Casualty and Surety Co.*, 574 A.2d 757, 760 (R.I. 1990) (citation omitted)). When determining whether coverage applies under certain circumstances, Rhode Island courts also focus on the purchaser of the insurance policy and whether it is reasonable for the purchaser of an insurance policy to believe that coverage exists. *Id.*

Based on the new facts of record, it is clear that BSSI reasonably expected that coverage existed for it and RIAC under the Policy for Ms. Costa's injuries. BSSI's belief is reasonable under the circumstances. Implicit in BSSI's Response to Request for Admission No. 4 is that the *only* insurance policy it procured was from Genstar. Indeed, there is no evidence that BSSI purchased any insurance other than the Policy from Genstar. It is reasonable for BSSI to have the belief that it was covered for Ms. Costa's injuries because it knew that it needed coverage for its operations and that RIAC required it to procure coverage as a condition for its use of the Airport. BSSI would not have procured a policy that it believed provided limited coverage solely for incidents which occurred at its trailer, especially because it rented additional premises for use as tie-down and landing areas.

Conversely, it is *not* reasonable for BSSI to believe that the only coverage it procured was for incidents occurring at its trailer. BSSI rented premises other than its trailer in connection with the operation of its business, and BSSI's Response to Interrogatory No. 26 shows that the

"premises," as that term must have been understood by BSSI, included *all* of the premises rented by it.

As RIAC has previously argued, Rhode Island courts have held that "the contents of the declarations sheet is of paramount importance because it is common knowledge that the detailed provisions of insurance contracts are seldom read by the consumer." *Mallane v. Holyoke Mut. Ins. Co.*, 658 A.2d 18, 20 (R.I. 1995) (citing *Sentry Ins. Co. v. Grenga*, 556 A.2d 998, 1000 (R.I. 1989)). The Common Policy Declarations show that BSSI procured $1 million in coverage for "personal injury" - an implicit recognition that the Policy intended to cover at least certain injuries occurring to BSSI's customers. The Policy is specifically identified as a premises liability policy, and the *only* mention of an exclusion relates to coverage for "products/completed operations." The declaration page identifies "two additional insureds" and makes no mention of *any* coverage limitation - *or any difference in coverage at all* between BSSI and the additional insureds. Because BSSI paid rent for and used additional premises at the Airport, and because the declaration page does not differentiate between the several premises rented by BSSI, it is *not* reasonable for it to believe that the only existing coverage was for incidents at the trailer.

### C. <u>The Airport/Skydiving Exclusion Is Illusory And The Case Law Cited By Genstar Is Inapplicable.</u>

Courts will refuse to enforce an interpretation of an exclusion that renders coverage under a policy "illusory." *See, e.g., Employers Mutual Casualty Co. v. Pires*, 723 A.2d 295, 298 (R.I. 1999) (citing *Pressman v. Aetna Casualty & Surety Co.*, 574 A.2d 757 (R.I. 1990)). RIAC has previously argued that the "Airport/skydiving" exclusion would render coverage illusory. RIAC also argues that application of the "Airport/skydiving" exclusion to this matter is ambiguous and, as such, should be interpreted in favor of finding coverage for RIAC. RIAC, of course, contends that the "Airport/skydiving" exclusion was not intended to apply to the instant matter. There is,

however, at least an ambiguity as to its application and that ambiguity should be resolved in RIAC's favor.

In its Objection, Genstar has cited to *American Commerce Ins. Co. v. Porto*, 811 A.2d 1185 (R.I. 2002) for the proposition that Ms. Costa's injuries are causally related to an airport/skydiving activity and, as such, the "Airport/skydiving" exclusion applies to deny coverage to RIAC. But the *Porto* case did not address the application of an *ambiguous* exclusion; on the contrary, *Porto* addressed the application of a clearly written and unambiguous exclusion related to sexual molestation and whether the plaintiff's allegations related to sexual molestation. *Porto* did not address the application of an ambiguous exclusion and cannot, therefore support Genstar's argument that the "Airport/skydiving" exclusion bars RIAC's recovery in this case. Rather, the proper analysis here is whether the "Airport/skydiving" exclusion is ambiguous (or illusory). Because the exclusion is ambiguous and illusory, this case should be resolved in favor of finding coverage for RIAC. *See, e.g., Campbell v. Norfolk & Dedham Mutual Fire Ins. Co.*, 682 A.2d 933, 935 (R.I. 1996) ("if the terms of an insurance contract are subject to more than one reasonable interpretation, the policy will be construed in favor of the insured to avoid forfeiture.") (citations omitted).

## CONCLUSION

RIAC has satisfied its burden of showing the existence of coverage for Ms. Costa's claims against it, and Genstar has failed to meet its burden to show that an exclusion exists to deny coverage to RIAC. Based on the foregoing, this Court should hold that the Policy provides

coverage to RIAC for Suzanne Costa's injuries and that Genstar is obligated to defend and indemnify RIAC in the underlying *Costa* litigation.

Dated: September 5, 2008

PLAINTIFF
RHODE ISLAND AIRPORT CORPORATION
By Its Attorneys,

*/s/ Lori Caron Silveira*

LORI CARON SILVEIRA (#3002)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: 401-274-7200
Fax: 401-751-0604
lsilveira@apslaw.com

DAVID N. ZEEHANDELAR
*Admitted pro hac vice*
BLANK ROME, LLP
One Logan Square
Philadelphia, PA 19103-6998

**CERTIFICATION**

I, the undersigned counsel of record, certify that on this 5th day of September, 2008, I did serve a true copy of the within Memorandum of Law in Opposition to in Defendant's Objection to Plaintiff's Motion for Summary Judgment by electronic means to:

Dennis E. Carley, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903

Daniel E. Burgoyne, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903

*/s/ Lori Caron Silveira*

*466970_1.doc*