STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

SUZANNE MARIE COSTA, CARLOS COSTA and MATTHEW COSTA by and through Suzanne Marie Costa and Carlos Costa as Guardians
Plaintiffs,

v.

DANIEL KING, BLUE SKIES SKYDIVING, INC. d/b/a Boston-Providence Skydiving Center, ROBERT SPENCER, RHODE ISLAND AIRPORT CORPORATION, INC., HAWTHORNE AVIATION – RHODE ISLAND, INC., PIEDMONT HAWTHORNE AVIATION, INC., KEVIN McCOLE AND JOHN DOES
Defendants.

v.

RHODE ISLAND AIRPORT CORPORATION, INC.
Third-Party Plaintiff

v.

NEW ENGLAND AVIATION, INC.
Third-Party Defendant

C.A. No. 05-0140

**DEFENDANT BLUE SKIES SKYDIVING, INC. RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS**

**REQUEST NO. 1:**

Blue Skies rented the aircraft that Suzanne Costa jumped from, on September 29, 2002 at North Central Airport, from Kevin McCole on a per seat basis.

**RESPONSE NO. 1:**

Admit.

**REQUEST NO. 2:**

The compensation which Blue Skies paid to Daniel King was proportional to the number of flights he piloted per day.

**RESPONSE NO. 2**

Deny.

**REQUEST NO. 3:**

Rhode Island Airport Corporation required that Blues Skies have insurance coverage, which listed Rhode Island Airport Corporation and Hawthorne Aviation as additional insureds.

**RESPONSE NO. 3**

Admit.

**REQUEST NO. 4:**

Blue Skies is afforded coverage for the defense and indemnity of the claims alleged by the plaintiffs in this litigation.

**RESPONSE NO. 4:**

The defendant can neither admit nor deny Request no. 4. because this issue is the subject matter of a pending declaratory judgment action in the United States District Court for the District of Rhode Island. The defendant believes that it has insurance, but the insurance carrier contends otherwise.

**REQUEST NO. 5:**

Blue Skies did not have any form for use in the event one of its customers chose to purchase the $1,000.00 waiver of the "Release of Liability and Covenant Not To Sue" referenced in paragraph 6 of the document entitled "Boston-Providence Skydiving Center Experienced Waiver" attached hereto as ***Exhibit A.***

**RESPONSE NO. 5**

Deny. There was no separate form, but paragraph six of the "Release of Liability and Covenant Not to Sue" provided the complete terms of the $1,000 waiver option.

**REQUEST NO. 6:**

The $1,000.00 waiver of the "Release of Liability and Covenant Not to Sue" referenced in paragraph 6 of the document entitled "Boston Providence Skydiving Center Experienced Waiver" was never purchased by any Blue Skies customer.

**RESPONSE NO. 6:**

Admit.

**REQUEST NO. 7:**

The option to purchase the $1,000.00 waiver of the "Release of Liability and Covenant Not to Sue" referenced in paragraph 6 of the document entitled "Boston- Providence Skydiving Center Experienced Waiver" was not verbally offered to Suzanne Costa by any Blue Skies employee.

**RESPONSE NO. 7:**

After making reasonable inquiry, and based upon the information known or readily available, the defendant is unable to admit or deny this request.

**REQUEST NO. 8:**

The document entitled "Boston-Providence Skydiving Center Experienced Waiver" was not verbally explained to Suzanne Costa by any Blue Skies employee.

**RESPONSE NO. 8**

After making reasonable inquiry, and based upon the information known or readily available, the defendant is unable to admit or deny this request.

**REQUEST NO. 9:**

Blue Skies personnel were not in radio contact with Daniel King at the time Suzanne Costa came into contact with the propeller of the jump aircraft on September 29, 2002 at North Central Airport.

**RESPONSE NO. 9**

Deny.

**REQUEST NO. 10:**

Prior to and as of September 29, 2002, Blue Skies instructed Daniel King to park the jump aircraft and board skydiving customers in an area directly adjacent to the drop zone at North Central Airport.

**RESPONSE NO. 10**

Admit.

**REQUEST NO. 11:**

Prior to and as of September 29, 2002, Blue Skies instructed Daniel King to leave the jump aircraft's engine running with the propeller spinning, while skydiving customers boarded the jump aircraft at North Central Airport.

**RESPONSE NO. 11:**

Admit as to the Cessna Caravan only; deny as to smaller, piston engine aircraft used for skydiving purposes.

**REQUEST NO. 12:**

On a date after September 29, 2002, Blue Skies changed the location of the area where it loaded skydiving customers onto the jump aircraft at North Central Airport.

**RESPONSE NO. 12:**

Deny.

**REQUEST NO. 13:**

On a date after September 29, 2002, Blue Skies discontinued the practice of leaving the jump aircraft's engine running with the propeller spinning while skydiving customers boarded the jump aircraft at North Central Airport.

**RESPONSE NO. 13**

Deny.

**REQUEST NO. 14:**

On a date after September 29, 2002, Blue Skies began conducting only tandem parachute operations and accelerated free-fall training at North Central Airport.

**RESPONSE NO. 14**

Deny. Beginning in July 2003, RIAC permitted experienced jumpers who had trained at North Central Airport with Blue Skies instructors to do solo jumps.

The Defendant,
Blue Skies Skydiving, d/b/a
Boston-Providence Skydiving Center
By its Attorneys,

Francis A. Connor, III
R.I. Bar No. 4640
Timothy J. Groves
R.I. Bar No. 7596
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

(401) 273-7171
(401) 273-2904/Facsimile

## CERTIFICATE OF SERVICE

I, Timothy J. Groves, hereby certify that on August 27, 2008, I served a true and accurate copy of the following:

1. Defendant Blue Skies Skydiving, Inc.'s Responses to Plaintiffs' Request for Admissions.

Steven P. Harten
Ratcliffe Burke Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Howard A. Merten, Esq.
James A. Ryan, Esq.
180 South Main Street
Providence, RI 02903

David P.Whitman, Esq.
Hanson Curran
146 Westminster Street
Providence, RI 02903

David D. Bagus, Esq.
Bagus & Beagan, LLC
176 Eddie Dowling Highway, Suite 202
North Smithfield, RI 02896

Dennis Carley, Esq.
Robert Carroll Feldstein & Pierce Inc.
Ten Weybosset Street
Providence, RI 02903

David N. Zeehandelaar, Esq.
Lev Kalman, Esq.
Blank Rome
One Logan Square
Philadelphia, PA 19103

Timothy J. Groves