DEC:DEB
360127 / 9/14/08
2012-9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AIRPORT CORPORATION, INC.** | : | |
| **v.** | : | **C.A. No. 07-300 S** |
| **GENERAL STAR INDEMNITY COMPANY** | : | |

**REPLY MEMORANDUM OF DEFENDANT, GENERAL STAR INDEMNITY COMPANY, IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, General Star Indemnity Company ("GSIC"), hereby submits this reply memorandum in support of its motion for summary judgment, responding to the objection of Plaintiff, Rhode Island Airport Corporation, which was (untimely) filed on September 9, 2008, and which incorporated RIAC's other papers on the cross-motions for summary judgment.

In this reply, GSIC responds only to the "new facts of record" referenced in RIAC's reply brief of September 5, 2008, where RIAC attempts to rely on answers to interrogatories (signed by Robert Spencer) and admissions (signed by counsel)[1] which were recently generated in the underlying Superior Court action. RIAC contends that because Blue Skies Skydiving, Inc. ("BSSI") (through Robert Spencer) purportedly believes that it had coverage under the Policy, such belief is somehow reasonable even in light of the clear exclusion for bodily injury due to "airport/skydiving and related services."

[1] RIAC's reliance on admissions made in another case is questionable in light of R.I. Super. R. Civ. P. 36(b), and Fed. R. Civ. P. 36(b), which both provide that admissions made in one case are for purposes of the pending action only.

It would be easy for GSIC to set forth the self-interested affidavits of its own officers and employees to state their belief to the contrary. However, GSIC continues to assert that neither the subjective beliefs of Mr. Spencer, BSSI, or its own agents are relevant to whether the "airport/skydiving and related services" exclusion precludes coverage for Ms. Costa's claims, which is a question of law. Suffice to say that any reasonable person who had actually read the Policy could reach only one conclusion—that there is no coverage. However, should the Court be inclined to rely on the answers and admissions of BSSI, it should also consider the following testimony.

According to Kevin McCole, the owner of the Jump Aircraft at issue and an owner of airplanes for almost twenty years, it was well-known in the skydiving industry that liability insurance for skydiving accidents *does not exist*. (McCole Dep. 24:21–25:1, 50:11–18, Mar. 10, 2008, Ex. 1.) In fact, the reason that liability waivers were so prevalent in the skydiving industry was precisely "because the liability insurance isn't there, and also because it's a high-risk activity." *Id.* at 54:3–22. In the recent deposition of Dawn Caron, Robert Spencer's ex-wife, in the Superior Court action (the transcript of which is yet unavailable), Ms. Caron corroborated the testimony of Mr. McCole on this point. She stated it was her understanding that "you couldn't get insurance and that's why we had the waiver." She learned this information from Mr. Spencer and a Mr. Wolfe, the previous owner of BSSI. This is further evidence, apart from the Policy language itself, that even *if* Mr. Spencer truly believed that there was coverage under the Policy, such a belief was not reasonable.

## CONCLUSION

WHEREFORE, Defendant, General Star Indemnity Company, requests that the that the Court grant the relief requested in General Star Indemnity Company's motion for summary judgment, and that the motion for summary judgment of Plaintiff, Rhode Island Airport Corporation, be denied.

DEFENDANT,
GENERAL STAR INDEMNITY COMPANY
By Its Attorneys,

/s/ Dennis E. Carley
Dennis E. Carley (#3218)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328
decarley@rcfp.com

/s/ Daniel E. Burgoyne
Daniel E. Burgoyne (#7541)
Roberts, Carroll, Feldstein & Peirce, Inc.
Ten Weybosset Street
Providence, RI 02903
(401) 521-7000 FAX (401) 521-1328
dburgoyne@rcfp.com

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was filed electronically with the Court, and notices of electronic filing were sent to the following counsel of record on **September 15, 2008**.

Lori Caron Silveira, Esq.
Adler Pollock & Sheehan
One Citizens Plaza, 8th Fl.
Providence, RI 02903-1345
lsilveira@apslaw.com

David N. Zeehandelaar
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
zeehandelaar@blankrome.com

and via First Class Mail to:

Lev Kalman, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

/s/ Daniel E. Burgoyne